IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO. 18 B 20048 |
| ANDRIA R. BRAZIEL, | JUDGE LASHONDA A. HUNT |
| Debtor. | Chapter 13 |

## OBJECTION TO CONFIRMATION

Now comes CREDIT ACCEPTANCE CORPORATION, a creditor herein, by SHERMAN & PURCELL LLP, its attorneys, and for its objection to confirmation of the Debtor's proposed Chapter 13 plan respectfully represents as follows.

1. That CREDIT ACCEPTANCE CORPORATION is a creditor of the Debtor with respect to a debt secured by a lien on a 2014 Volkswagen Jetta motor vehicle, with a net balance due as of the petition date in the amount of $12,005.58.

2. That the Debtor's treatment of the claim for CREDIT ACCEPTANCE CORPORATION is at best confusing.

3. First, the plan provides that "daughter is making the payments directly to the trustee". Thereafter, the same plan states that the Debtor will pay $380.00 per month directly to CREDIT ACCEPTANCE CORPORATION.

4. That the above referenced plan treatment is inconsistent and fails to comply with the bankruptcy code. The amount of claim stated in the plan is incorrect, and the interest rate is also incorrect. The contractual interest rate is 18.99%. This would be the interest rate required to be paid should the Debtor choose to pay this claimant through the plan.

5. That it is unclear reading the plan whether or not the payments will be made by the Debtor's daughter directly to CREDIT ACCEPTANCE CORPORATION, or will be paid by the Debtor through the Chapter 13 trustee. Until this confusion is resolved it would be impossible for the trustee to administer the plan.

6. That the Debtor's plan fails to provide for any pre-confirmation adequate protection in favor of CREDIT ACCEPTANCE CORPORATION.

7. That the plan states property of the estate will vest in the Debtor at the time of discharge. However, there is a co-buyer on the contract and a co-owner on the Title, and, therefore, the plan needs to be amended to make it clear that CREDIT ACCEPTANCE CORPORATION shall retain its lien until all of the Debtor's obligations under the retail installment contract have been satisfied in full, and that the Debtor will not receive a discharge from her obligations to CREDIT ACCEPTANCE CORPORATION.

8. That the Debtor's plan provides for payments that are not in equal monthly amounts as required.

9. That the Petition for Relief in this case was not filed in good faith and the Debtor's plan has not been proposed in good faith.

WHEREFORE, CREDIT ACCEPTANCE CORPORATION prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan, for entry of an Order dismissing this Chapter 13 case, and for such other and further relief as this Court may deem just and equitable.

                                                CREDIT ACCEPTANCE CORPORATION

                                                BY: _____/s/ Michael L. Sherman_____
                                                       MIICHAEL L. SHERMAN,
                                                         One of its Attorneys

MICHAEL L. SHERMAN
SHERMAN & PURCELL LLP
120 South La Salle Street
Chicago, Illinois 60603
Phone: (312) 372-1487
Atty. for CREDIT ACCEPTANCE CORPORATION

## CERTIFICATE OF SERVICE

I, the above signed attorney, certify that on August 9, 2018, I electronically filed the foregoing Objection to Confirmation with the Clerk of the Court using the ECF system which sends notifications of such filing to the following:

Mr. David M. Siegel, Attorney for the Debtor
Ms. Marilyn O. Marshall, Chapter 13 Trustee
Mr. Patrick S. Layng, U.S. Trustee